UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GUSTAVIA HOME LLC,

                        Plaintiff,

         -against-

ENVIRONMENTAL CONTROL BOARD,
HSBC BANK USA NATIONAL
ASSOCIATION AS TRUSTEE FOR
DEUTSCHE ALT-A SECURITIES
MORTGAGE LOAN TRUST, SERIES 2007-
OA5, CITY OF NEW YORK PARKING
VIOLATIONS BUREAU.

                        Defendants.
----------------------------------------------------------X

**ORDER TO SHOW CAUSE**
18 CV 6485 (MKB) (CLP)

**POLLAK**, United States Magistrate Judge:

On November 14, 2018, plaintiff Gustavia Home LLC ("Gustavia" or "plaintiff") commenced this action, pursuant to the New York Real Property and Proceedings Law ("RPAPL") § 1501, et seq., against defendants Environmental Control Board ("ECB"), HSBC Bank USA National Association as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust Series 2007-OA5 ("HSBC"), and the City of New York Parking Violations Bureau ("Parking Bureau"), seeking to cancel and discharge a mortgage encumbering the property located at 46 Lafayette Avenue, Brooklyn, New York 11238 (the "Subject Premises"). When defendants failed to file an answer or otherwise appear in this action, certificates of default were entered against them on January 7, 2019. On January 7, 2019, plaintiff filed a motion for default judgment. The motion was thereafter referred to the undersigned to conduct an inquest on damages and issue a Report and Recommendation.

FACTUAL BACKGROUND

On June 15, 2007, Debra A. Derby and Ricardo Vaz executed a mortgage which was

recorded on July 6, 2007 in the amount of $200,000.00 (the "Disputed Mortgage"). (Compl.[1] ¶ 10; see also Ex. A to Compl.). The Disputed Mortgage was assigned to HSBC on February 26, 2009[2] and recorded on March 16, 2009 in the Office of the Register of the City of New York for the County of Kings. (Id. ¶ 11; see also Ex. B to Compl.).

On February 26, 2009, HSBC commenced a foreclosure action on the Disputed Mortgage in the Supreme Court of the State of New York, Kings County. (Id. ¶ 12; see also Ex. C to Compl.). On March 9, 2011, HSBC filed a stipulation of discontinuance and cancellation of lis pendens in this action. (Id. ¶ 13; see also Ex. C to Compl.).

On August 23, 2011, HSBC filed another foreclosure action on the Disputed Mortgage in the Supreme Court of the State of Kings County. (Id. ¶ 14; see also Ex. D to Compl.). All that plaintiff alleges is that no subsequent foreclosure actions were ever filed regarding the disputed mortgage. (Id. ¶ 15). Nowhere in the Complaint does plaintiff indicate the outcome of this foreclosure action.

Although the Complaint alleges that plaintiff is the mortgagee of the Subject Premises, nowhere in the Complaint does plaintiff explain how it obtained this interest. (See id. ¶ 4). Plaintiff alleges that defendants ECB and the Parking Bureau may claim interest in the Subject Premises through liens or judgments recorded against the Subject Premises, but provides no further information in this regard. (Id. ¶ 7).

---

[1] Citations to "Compl." Refers to plaintiff's Complaint, dated November 14, 2018, ECF No. 1.

[2] The Complaint contains internal inconsistencies. In paragraph 6 of the Complaint, plaintiff alleges HSBC was assigned the Disputed Mortgage on December 13, 2013, which was recorded on December 5, 2014. (Compl. ¶ 6). In paragraph 11 of the Complaint, plaintiff alleges HSBC was assigned the Disputed Mortgage on February 26, 2009, which was recorded on March 16, 2009. (Id. ¶ 11). Plaintiff does not explain this discrepancy.

2

On November 14, 2018, plaintiff commenced this action seeking to cancel and discharge the Disputed Mortgage. (See generally id.). All defendants were served with the Summons and Complaint. (See Decl.[3] ¶ 3; see also Ex. B to Decl.; 6/21/19 Sum.[4]). On January 7, 2019, the Clerk of the Court entered certificates of default against all defendants. (Id. ¶ 4; see also Ex. C to Decl.). Thereafter, plaintiff filed for default judgment seeking to cancel the Disputed Mortgage along with any further relief as the Court determined was necessary and proper. (See generally Pl.'s Mot.).[5]

## DISCUSSION

New York Real Property and Proceedings Law ("RPAPL") Section 1501(4) states:

"[w]here the period allowed by the applicable statute of limitations for the commencement of an action to foreclose a mortgage, or to enforce a vendor's lien, has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons, known or unknown, including one under disability as hereinafter specified, to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom; *provided*, however, that no such action shall be maintainable in any case where the *mortgagee*, holder of the vendor's lien, or the successor of either of them shall be in possession of the affected real property at the time of the commencement of the action." (emphasis added).

---

[3] Citations to "Decl." refer to the Declaration of Danielle P. Light, dated January 7, 2019, ECF No. 12.

[4] Although Ex. B to Decl. contained two affidavits of service for defendant Parking Bureau and no affidavit of service for defendant ECB, plaintiff subsequently filed proof of the affidavit of service for defendant ECB on June 21, 2019, showing that ECB was properly served. (See Plaintiff's Executed Summons, filed June 21, 2019, ECF No. 13 ("6/21/19 Sum.")). Plaintiff properly filed proof of the affidavit of service for defendant HSBC on November 26, 2018, ECF No. 8.

[5] Citations to "Pl.'s Mot." refer to plaintiff's Motion for Default Judgment, filed January 7, 2019, ECF No. 12.

Upon review of plaintiff's motion, plaintiff has failed to plead facts sufficient to establish its entitlement to a default judgment pursuant to RPAPL Section 1501(4). Specifically, plaintiff has failed to allege facts sufficient to establish the parties' current interest in the real property subject to the encumbrance. In the absence of factual allegations of the following, the Court finds the Complaint insufficient and will consider recommending that the Complaint be dismissed for failure to state a plausible cause of action.

Accordingly, plaintiff **GUSTAVIA HOME LLC** is **ORDERED TO SHOW CAUSE IN WRITING** by July 29, 2019, why this Court should not recommend plaintiff's Complaint be dismissed. Specifically, plaintiff is directed to explain why the Complaint adequately sets forth plausible facts showing the following: 1) plaintiff's current interest in the Disputed Mortgage as "mortgagee" (Compl. ¶ 3); 2) defendant ECB's current or potential interest in the Disputed Mortgage; 3) defendant Parking Bureau's current or potential interest in the Disputed Mortgage; 4) defendant HSBC's current interest in the Disputed Mortgage as "assignee" (Compl. ¶ 6); 5) the current interest of the original executors of the Disputed Mortgage Debra A. Derby and Ricardo Vaz and/or their possession of the Disputed Mortgage; 6) the ultimate outcome or resolution of the foreclosure action initiated by HSBC on August 23, 2011; and 7) the current outstanding sum of the Disputed Mortgage, as this sum pertains to any damages determinations that may be imposed on defendants.

**Failure to file a timely response will result in the issuance of a Report and Recommendation that this action be dismissed.**

   The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

   **SO ORDERED.**

Dated: Brooklyn, New York
   July 15, 2019

                /s/ Cheryl L. Pollak
                Cheryl L. Pollak
                United States Magistrate Judge
                Eastern District of New York