

450 Seventh Ave
Suite 1408
New York, NY 10123

Danielle P. Light
T. 212.643.6677
F. 347.491.4048
dlight@hasbanilight.com

*Licensed in NY & NJ*

July 29, 2019

<u>Via ECF</u>
Magistrate Judge Cheryl L. Pollack
United States District Court for the
Eastern District of New York

      RE:    Docket Number: 18-cv-06485
                 Gustavia Home, LLC v. HSBC Bank USA National Association as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA5, et al.

Dear Judge Pollack:

This letter is submitted in response to the Court's Order to Show Cause dated July 15, 2019.

In the Order to Show Cause, the Court ordered Plaintiff to explain why the Complaint adequately sets forth plausible facts showing the following: 1) plaintiff's current interest in the Disputed Mortgage as "mortgagee"; 2) defendant ECB's current or potential interest in the Disputed Mortgage; 3) defendant Parking Bureau's current or potential interest in the Disputed Mortgage; 4) defendant HSBC's current interest in the Disputed Mortgage as "assignee"; 5) the current interest of the original executors of the Disputed Mortgage Debra A. Derby and Ricardo Vaz and/or their possession of the Disputed Mortgage; 6) the ultimate outcome or resolution of the foreclosure action initiated by HSBC on August 23, 2011; and 7) the current outstanding sum of the Disputed Mortgage, as this sum pertains to any damages determinations that may be imposed on defendants.

For the reasons set forth below, Plaintiff is entitled to a default judgment against the defendants.

**BACKGROUND**

This is a quiet title action commenced by Plaintiff to obtain an order cancelling and discharging the Disputed Mortgage owned by HSBC Bank USA National Association as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA5 ("HSBC").

"[A] person with an estate or interest in real property subject to an encumbrance

may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired." *J & JT Holding Corp. v. Deutsche Bank Nat'l Tr. Co.*, No. 12296/14, 2019 WL 2363666, at *2 (2d Dept. June 5, 2019) (citing to *Milone v. U.S. Bank N.A.,* 164 A.D.3d 145, 151 (2d Dept. 1994) and RPAPL § 1501(4)). As a result of the foregoing, a title owner, who is not a signatory to a note or mortgage, has standing to file a lawsuit seeking cancellation and discharge of a mortgage under RPAPL § 1501(4). *See J & JT Holding Corp. v. Deutsche Bank Nat'l Tr. Co., supra*.

Here, Plaintiff asserts that HSBC triggered the six-year statute of limitations to foreclose on February 26, 2009 when HSBC commenced its first foreclosure action. As a result, the statute of limitations expired on February 26, 2015. Since a new foreclosure action was not filed after May 2012 (when the second foreclosure action was dismissed) and before the expiration of the statute of limitations on February 26, 2015, Plaintiff is entitled to cancellation and discharge of HSBC's Disputed Mortgage. *J & JT Holding Corp. v. Deutsche Bank Nat'l Tr. Co., supra*.

**RESPONSES TO THE COURT'S ORDER TO SHOW CAUSE**

1) **Plaintiff's Current Interest in the Gustavia Mortgage as "Mortgagee"**

   Plaintiff has an interest in the real property at issue in this case bearing an address of 446 Lafayette Avenue, Brooklyn, New York (the "Property") because is owns a mortgage and note dated June 15, 2007 in the original principal amount of $200,000.00 (the "Gustavia Mortgage"). Plaintiff requests that the Court take judicial notice of the Gustavia Mortgage and the assignments of the Gustavia Mortgage that are all recorded in the land records with the Register's Office for the City of New York, County of Kings. True and correct copies of the Gustavia Mortgage and assignments of the Gustavia Mortgage are attached as **Exhibit 1**.

   As the current mortgagee of the Gustavia Mortgage, which is secured by the Property, Gustavia Home, LLC has standing to maintain this action to secure cancellation and discharge of the Disputed Mortgage because the applicable statute of limitations for commencing a foreclosure action expired. *J & JT Holding Corp. v. Deutsche Bank Nat'l Tr. Co., supra*.

2) **Defendant ECB's current or potential interest in the Disputed Mortgage**

   ECB does not have an interest in the Disputed Mortgage. Rather, ECB has judgments that are recorded against the Property. Since the ECB has a subordinate interest to the Disputed Mortgage and to Gustavia's Mortgage, Plaintiff thought it necessary to give notice of the pending action to ECB.

3) **Defendant Parking Bureau's current or potential interest in the Disputed Mortgage**

   Parking Bureau does not have an interest in the Disputed Mortgage. Rather, the Parking Bureau has judgments that are recorded against the Property. Since the Parking Bureau has a subordinate interest to the Disputed Mortgage and to Gustavia's Mortgage, Plaintiff thought it necessary to give notice of the pending

action to Parking Bureau.

4) **Defendant HSBC's current interest in the Disputed Mortgage**

HSBC is the owner of the Disputed Mortgage.  Plaintiff requests that the Court take judicial notice of the Disputed Mortgage and the assignments of the Disputed Mortgage that are all recorded in the land records with the Register's Office for the City of New York, County of Kings. True and correct copies of the Disputed Mortgage and assignments of the Disputed Mortgage were attached to Plaintiff's Complaint (Document number 1 on the docket) as **Exhibits 3** and **4**.

5) **The Current Interest of Non-Parties Debra A. Derby and Ricardo Vaz**

Non-Parties Debra A. Derby and Ricardo Vaz are the title owners of the Property.  Attached hereto as **Exhibit 2** is a true and correct copy of the deed. They are also the mortgagors of the Disputed Mortgage and of Gustavia's Mortgage.

6) **The Ultimate Outcome or Resolution of the Foreclosure Action Initiated by HSBC on August 23, 2011**

The HSBC foreclosure action commenced on August 23, 2011 was dismissed by HSBC voluntarily on May 3, 2012.  Attached as **Exhibit 3** is a true and correct copy of the Kings County Clerk Docket for the HSBC foreclosure action. Upon information and belief, a new foreclosure action was never filed after that 2011 foreclosure action was dismissed in 2012.

As a result of the failure by HSBC to file a new foreclosure action after May 3, 2012 and before February 26, 2015, a new foreclosure action by HSBC is time barred.  *See* CPLR § 213(4).

7) **The current outstanding sum of the Disputed Mortgage, as this sum pertains to any damages determinations that may be imposed on defendants.**

Plaintiff is not in possession of the information sought by the Court in its seventh request and does not know how much money is due to HSBC pursuant to the terms of the Disputed Mortgage and HSBC's Note.

Respectfully Submitted,

/s/
Danielle P. Light
*Counsel for Plaintiff*